| | | |
|---|---|---|
| TRACY FEAGAN | ) | |
| | ) | No. 1:07-CR-96, 1:14-CV-157 |
| v. | ) | |
| | ) | McDonough/Steger |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Petitioner Tracy Feagan ("Petitioner"), a federal prisoner, is serving life imprisonment for

conspiracy to distribute five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A) and 846.  Petitioner timely filed a motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") (Doc. 316).[1]  Petitioner asserts that,

when he was charged and tried in the Eastern District of Tennessee, he was subjected to improper

venue and that his counsel was ineffective in violation of his Sixth Amendment rights in raising

this venue issue with the district court and the Sixth Circuit Court of Appeals.  Petitioner also seeks

leave to amend his 2255 Motion to add new claims (Doc. 331).  For the reasons that follow, the

Court finds that an evidentiary hearing on the 2255 Motion is not necessary, and that the 2255

Motion and the Petitioner's motion to amend his 2255 Motion shall be **DENIED**.

I.      **STANDARDS**

      **A.  Threshold Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or

correct his judgment of conviction and sentence, if he claims that the sentence was imposed in

violation of the Constitution or laws of the United States; that the court lacked jurisdiction to

impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is

---

[1] All citations to the district court record are to the docket of Case No. 1-07-cr-96, which is the
underlying criminal case.

otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## B. Standard for Ineffective Assistance of Counsel

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. Under this test, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong of the *Strickland* test requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead (has) emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> (a) fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694). Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## II. BACKGROUND

The core facts were summarized by the Sixth Circuit Court of Appeals as follows:

(Petitioner participated in a drug trafficking conspiracy) headed by co-defendant Eloy "Ed" Sanchez(,) (who) lived in Phoenix, Arizona, and employed co-defendant Harry Goff, a long–range truck driver . . . , to transport cocaine and methamphetamine to Tennessee and Alabama. Goff delivered shipments of meth to two other co–defendants, Timothy Morrow and David "Buckwheat" Rector . . . . Goff would pick the drugs up in Arizona, transport them across the country, and deliver them to customers in Tennessee and Alabama. Then he would spend his . . . driving layover at home in Stevenson, Alabama, and wait for the customers to bring him the money for the drugs after they had sold them. Goff would then drive the money back to Sanchez in Phoenix, and repeat the process. Goff testified that he made three deliveries of cocaine to (Petitioner). In early 2007, Goff delivered 7 kilograms of cocaine to (Petitioner) outside of Birmingham, Alabama. His second and third shipments were each for 2 kilograms of cocaine. At some point after the third delivery, Goff was arrested . . . in Georgia with 53 kilograms of cocaine . . .

(and) began cooperating with agents from the Drug Enforcement Administration . . . . and placing controlled phone calls, which were recorded, to (petitioner). During one such phone call, Goff agreed to deliver 10 kilograms of cocaine to (petitioner) in Birmingham, Alabama. (Petitioner) and Goff arranged to meet at the Flying J truck stop . . . (and agents) planned to conduct surveillance and arrest (petitioner) at the Flying J. (Petitioner), however, had an accomplice conducting counter–surveillance (so) he called Goff and arranged to meet at a (different location). Agents attempted to arrest (Petitioner) at the new location, but (Petitioner) fled; first in the (car) he was driving, and then on foot. (Petitioner) was eventually apprehended . . . .

(An) investigator assigned to the DEA Task Force in Birmingham prepared a search warrant affidavit which he submitted to an Alabama magistrate judge . . . . The Alabama judge reviewed (the) affidavit and ultimately issued a search warrant for (Petitioner's residence) and any vehicles (Petitioner) owned or possessed. The search revealed two "bricks" of cocaine in the basement, a smaller quantity of cocaine, and a set of digital scales. Officers found crack cocaine, digital scales, six cell phones, and a loaded .40 caliber handgun inside (Petitioner's) GMC Yukon. Agents also found a loaded .44 caliber handgun in the . . . garage and a loaded .45 caliber handgun in the master bedroom.

*United States v. Feagan*, 472 F. App'x 382, 384–85 (6th Cir. 2012) (record citations omitted).

Following his arrest, Petitioner was transported to a Tennessee jail. *Id*. at 385. After his initial appearance before a federal magistrate judge, who specifically advised Petitioner of the charges against him, Petitioner asked to speak with a DEA agent. *Id*. at 385–86. After signing a *Miranda* waiver form, Petitioner confessed his involvement in drug trafficking. He stated that he had been distributing cocaine since at least the beginning of 2006; that he initially received five to eight kilograms of cocaine at a time from "Corey" and "Matt"; that he obtained cocaine from Sanchez, as delivered by Goff, starting in February 2007, after Corey had been arrested. *Id*. at 386. Petitioner further stated that he had also purchased cocaine from Bo Agee in Birmingham, Alabama. *Id*.

Petitioner was indicted in the second superseding indictment (Count One) of conspiring to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and five kilograms or more of a mixture containing a detectable amount of cocaine hydrochloride

in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was also indicted (Count Two) of conspiring

to commit money laundering in violation of 18 U.S.C. § 1956. Petitioner was the only defendant

who proceeded to trial in this case. The district court used a special verdict form with a three-part

question with respect to the conspiracy charge. The jury found "that defendant TRACY FEAGAN

is guilty of the offense charged in COUNT ONE of the indictment" (Verdict Form, Question 1,

Doc. 242). The jury then found "that the conspiracy charged in COUNT ONE did not involve

methamphetamine" (Verdict Form, Subquestion 1A, Doc. 242), and "that the conspiracy charged

in COUNT ONE involved five (5) kilograms or more of cocaine hydrochloride" (Verdict Form,

Subquestion 1B, Doc. 242). Thus, at the close of the jury trial in November 2008, Petitioner was

convicted of conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.

§§ 846 and 841 (b)(1)(A) (Count One). The jury also convicted Petitioner of conspiring to commit

money laundering, in violation of 18 U.S.C. § 1956 (Count Two). The jury found that Petitioner

had not conspired to distribute methamphetamine (Doc. 242, Jury Verdict).[2] The Court later

sentenced Petitioner to concurrent terms of life imprisonment for Count One—the statutorily-

mandated minimum sentence, in light of Petitioner's three prior felony drug convictions—and 240

---

[2] Undoubtedly, the use of this special verdict form was to preclude the problem which had arisen
in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), wherein the defendant was found guilty
on a single count of conspiracy to distribute both crack cocaine and marijuana. In *Dale,* United
States District Judge R. Allan Edgar, the same judge who presided over Petitioner Feagan's trial,
sentenced defendant Dale to the higher sentence provided under the United States Sentencing
Guidelines for crack cocaine. While "a single conspiracy may have as its objective the
distribution of two different drugs without rendering it duplicitous," the *Dale* court found it was
error for Judge Edgar to rely on the drug requiring a higher sentence when the general jury
verdict form did not require the jury to specify which drug or whether both drugs could be
attributable to the defendant. *Id.* at 431–434. The verdict could have been based on either crack
or marijuana or both. *Id.* at 432 (quoting *Griffin v. United States*, 502 U.S. 46, 56–57 (1991)
("When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive,
as (defendant's) indictment did, the verdict stands if the evidence is sufficient with respect to any
one of the acts charged.") The *Dale* court remanded the case to the trial court to allow the
government to elect whether it wished to consent to the lower sentence for marijuana or retry the
case. *Id.* at 434.

months imprisonment for Count Two (Doc. 274, Judgment). Petitioner appealed, and on April 9, 2012, the Sixth Circuit Court of Appeals affirmed Petitioner's convictions. *United States v. Feagan*, 472 F. App'x 382, 396 (6th Cir. 2012). Petitioner sought a writ of *certiorari*, which the Supreme Court denied on May 13, 2013 (Doc. 312, Letter). Petitioner then filed a timely motion under 28 U.S.C. § 2255 on May 12, 2014 (Doc. 316, § 2255 Motion).

## III. DISCUSSION

### A. Improper Venue

Petitioner argues he was denied due process under the Fifth Amendment when he was prosecuted and tried in Tennessee, which, he argues, was an improper venue. He contends that his counsel was ineffective, in violation of the Sixth Amendment, when he failed to assert Petitioner's venue rights. Specifically, Petitioner argues that he was only involved in distributing cocaine. Therefore, the conduct of the other defendants, related to distribution of methamphetamine, cannot be attributable to him for purposes of venue. According to Petitioner,

> Petitioner was denied both effective assistance of counsel at trial and on appeal, and denied due process under the Fifth Amendment, when after the jury returned a verdict finding two separate conspiracies and not one overall conspiracy, neither the attorney nor the court(s) ever separated the members of the methamphetamine conspiracy from the members of the cocaine conspiracy so that they could correctly asign (sic) co–conspirator liability, and, and show that venue was not proper.

(Petitioner's Memorandum in Support of 2255 Motion, Doc. 316, at 3).

Petitioner's counsel raised the issue of improper venue upon direct appeal of Petitioner's case. A review of the Petitioner's appellate brief shows that his counsel specifically argued "(there was no proof at trial that Mr. Feagan or any alleged co-conspirators trafficked cocaine outside Alabama . . . . The government never proved to (sic) a preponderance of the evidence that Mr. Feagan was part of a conspiracy that purchased or sold cocaine in the Eastern District of

Tennessee" (*United States v. Feagan,* Case No. 09-5516, Docket Entry 55-1, filed August 16,

2010)*.* The Sixth Circuit addressed the venue issue as follows:

> Although Defendant may never have stepped foot in Tennessee, there are
> many examples of overt acts that were committed in furtherance of the
> conspiracy by his co-conspirators in the Eastern District of Tennessee. For
> example, one of Defendant's co-conspirators, David Rector, received
> cocaine shipments in Tennessee. Additionally, Sanchez traveled into
> Tennessee after picking up $38,000 from Defendant. (R. 303 at 405–06.) In
> fact, Defendant called Sanchez the day after he left for Tennessee to make
> sure he made it in safely. (*Id.* at 410.) Sanchez was arrested in a Tennessee
> motel located in the Eastern District of Tennessee, a short time later. (*Id.*)
> These facts are sufficient to establish the Eastern District of Tennessee as a
> proper venue (albeit not the only proper venue) to try Defendant's case in.

*Feagan*, 472 F. App'x at 394–95.

A "§ 2255 motion may not be used to relitigate an issue that was raised on

appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108,

110 (6th Cir. 1996) (internal citations omitted); *accord Wright v. United States*, 182 F.3d

458, 467 (6th Cir. 1999). Petitioner clearly disagrees with the Court of Appeal's findings

and conclusion, but he has not presented "highly exceptional circumstances" to revisit this

issue. Petitioner "cannot use a § 2255 proceeding in the guise of ineffective assistance of

counsel to relitigate issues decided adversely to him on direct appeal." *Clemons v. United*

*States*, 2005 WL 2416995, at *2 (E.D.Tenn. 2005) (citing, *see e.g., DuPont v. United*

*States*, 76 F.3d 108, 110 (6th Cir. 1996)). Petitioner's counsel cannot be found ineffective

for failure to raise an issue that he did raise. And Petitioner cannot show prejudice for

improper venue when venue was, in fact, proper as determined by the Sixth Circuit on

direct appeal. As a result, Petitioner's 2255 Motion fails with regard to his arguments

concerning venue.

**B.    Pro Se Brief**

While this issue also relates to venue, the Court will address it separately.  Petitioner

asserts he was denied his "right to defend himself" when the Court of Appeals refused to allow

him to file a pro se brief in reply to the government's response to his opening brief during the

direct appeal.  Petitioner asserts his reply brief was necessary because his own counsel's reply

brief did not adequately rebut the government's response.  There is no constitutional right to

represent oneself while also being represented by counsel.  *United States v. Cromer*, 389 F.3d

662 n.12 (6th Cir. 2004) ("It is well settled that there is no constitutional right to hybrid

representation."); s*ee also United States v. Mobley*, 810 F.2d 93, 97–98 (6th Cir. 1987) (while a

court in its discretion may allow a defendant to represent himself while also represented by

counsel, there is no constitutional right to do so).  The Court concludes that refusal to allow

Petitioner to file his own reply brief during the direct appeal, while represented by counsel, rises

neither to the level of a constitutional error nor constitutes a fundamental error resulting in a

miscarriage of justice.  Therefore, this claim also fails.

**C.    Motion to Amend Petitioner's 2255 Motion**

On January 20, 2017, Plaintiff filed a brief (Doc. 331) in which he appears to be moving

to supplement and amend his original 2255 Motion (Doc. 316).  Petitioner raises two new theories

to vacate his conviction and sentence:  (1) "Petitioner was denied effective assistance of counsel

at trial, and due process of law under the Fifth Amendment when after the jury returned a verdict

finding two separate conspiracies and not one overall conspiracy, defense counsel failed to file or

move for a judgment of acquittal and a new trial," and (2) Petitioner was denied effective assistance

of counsel at trial when counsel failed to request jury instructions which would have allowed the

jury to determine whether there was one or more conspiracies.

A motion to amend or supplement a § 2255 motion will be denied where it is filed after

the one year limitations period expires unless the proposed amendment relates back to the date of

the original pleading within the meaning of Federal Rule of Civil Procedure 15(c)(2). *Howard v.*

*United States*, 533 F.3d 472, 457–76 (6th Cir. 2008); *see also*, 28 U.S.C. § 2255(f) (a one year

limitations period applies to a motion filed under 28 U.S.C. § 2255). Rule 15 states that an

amendment may "relate back" to the date of the original pleading if the proposed claim "arose

out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P.

15(c)(2). In the context of *habeas* proceedings, the Supreme Court has interpreted this rule to

mean that the new claims must be based on the "same core facts" relied upon in a timely-filed

petition; a late-filed claim is unreviewable if it turns upon "events separate in 'both time and

type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2004). Without

the requirement of a "common core of operative facts," the "limitation period would have slim

significance." *Id*. at 662. It is insufficient—and a new claim is time-barred—if the new claim

merely arises from the same trial, conviction, or sentence. *Id.*; *see also Wiedbrauk v. Lavigne*,

174 F. App'x 993, 1001–02 (6th Cir. 2006) (holding that several claims in a motion to amend

were time-barred and unreviewable because they did not "share a factual basis with any of the

(timely-filed) claims.")

In his supplemental brief, which the Court is treating as a motion, Petitioner argues

that the jury found there were two separate conspiracies, one for cocaine and one for

methamphetamine. Petitioner asserts his counsel was ineffective for failing to move for

judgment of acquittal or a new trial under Federal Rule of Criminal Procedure 29 for his

conviction of the charge in Count One. He argues that, while Count One was a single

conspiracy to distribute methamphetamine *and* cocaine, the jury acquitted him only of the

methamphetamine distribution charge. Petitioner reasons that the jury found there were two conspiracies and Petitioner was convicted of only one of those conspiracies. He maintains that it was a crime for which he was not charged; therefore, he is entitled to acquittal of Count One and a new trial. Petitioner asserts he was also denied effective assistance of counsel because his attorney did not request jury instructions which would have required the jury to find him guilty of each element of the crime of conspiracy and would have permitted the jury to explicitly state whether one or more conspiracies existed.[3]

Both of Petitioner's new claims rely upon the jury's finding that he distributed cocaine, but not methamphetamine. Beyond that though, these claims raise alleged omissions on the part of Petitioner's counsel (failure to file a motion under Rule 29 and failure to object to the jury instructions) which are entirely separate and distinct in type from the core facts upon which Petitioner bases his improper venue claims in the original 2255 Motion; *i.e.*, that his trial counsel was ineffective in asserting that Tennessee was an improper venue. Consequently, these claims do not relate back to his original 2255 Motion and are barred by the one-year limitations period.

Finally, in his reply brief to the government's response to his 2255 Motion, Petitioner raises for the first time the claim that his counsel was ineffective for failing to challenge his "unlawful removal from Alabama to Tennessee for prosecution" (Doc. 328–1, Reply brief, at 2). This claim is also based on facts unrelated to the core facts upon which his original claims are based and is therefore time barred.

---

[3] This argument, as understood by the Court, appears to contradict his first argument.

## II.    CONCLUSION

The Court has reviewed this 2255 Motion carefully and finds no merit in Petitioner's claims.  For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief.  The Court also finds the new claims Petitioner seeks to raise in his motion to amend his 2255 Motion do not relate back to his original 2255 Motion.  Therefore, the 2255 Motion (Doc. 316) and the motion for leave to amend (Doc. 331) are **DENIED**.

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**Travis R. McDonough**
**United States District Judge**